UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE FAUNTLEROY,

                Petitioner,

v.                                          9:19-CV-1535
                                                (BKS/DJS)

JOHN DOE,

                Respondent.[1]
_____

APPEARANCES:                                               OF COUNSEL:

LAWRENCE FAUNTLEROY
Petitioner, pro se
#1903906
DeKalb County Jail
4425 Memorial Drive
Decatur, GA 30032

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

Petitioner Lawrence Fauntleroy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[2] Petitioner's application was originally filed in the Northern District of Georgia, and transferred to this Court on December 11, 2019. *See Fauntleroy v. Doe*, No. 1:19-CV-5424 (N.D.Ga.), Dkt. No. 1, Petition; Dkt. No. 2, Transfer Order.

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts & Advisory Notes. Petitioner has incorrectly named "John Doe" as the respondent. Therefore, the Clerk is respectfully directed to update the docket sheet to include name of the proper respondent, Sheriff Melody M. Maddox, Warden of the DeKalb County Jail.

[2] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

To commence a habeas corpus action, a petitioner must pay the court's filing fee or submit a properly certified application to proceed *in forma pauperis* ("IFP Application").[3]  Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  A proper IFP application includes both an affidavit, per 28 U.S.C. § 1915, and a signature or certification by an appropriate prison official attesting to petitioner's balance, and average balance, in any account in petitioner's name at his or her facility.  Rule 3(a)(2), Habeas Rules; *see also* Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R.") 5.1.4(b)(1)(B).  The "affidavit form . . . requires information concerning the petitioner's financial resources."  Rule 3, Habeas Rules Advisory Committee Notes.  Local Rule 5.1.4 further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by a court order of what is required, "the Court shall dismiss the action."  N.D.N.Y.L.R. 5.1.4(b)(2)(A)(ii).

On December 12, 2019, this action was administratively closed due to petitioner's failure to properly commence it.  Dkt. No. 4, Administrative Closure Order.  Consistent with the Habeas and Local Rules outlined above, petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified IFP application, within thirty (30) days of the filing date of that Order.  *Id*. at 2.  Enclosed with the Closure Order, was a blank IFP affidavit form.  *Id.*; Dkt. Entry for Dkt. No. 4, Administrative Closure Order (noting that the "order and blank ifp form [were] served via regular mail on petitioner.")

On April 12, 2021, approximately one year and four months after the Closure Order

---

[3] The proper filing fee for a habeas corpus petition is $5.00.  28 U.S.C. § 1914(a).

was entered, the Court received petitioner's Prisoner Trust Fund Account Statement. Dkt. No. 5. The account statement contained transactions from April of 2019, through December of 2020. *Id.* at 2. Moreover, the filing provided a certification dated March 17, 2021, detailing petitioner's inmate account balance currently, as well as his three month average. *Id.* at 4. However, the filing did not include the completed IFP affidavit form – provided to petitioner by this Court – answering questions about petitioner's financial resources.

Here, it seems petitioner intended his account statement to be construed as an IFP application so that his action could be re-opened. However, pursuant to both the Habeas and Local Rules, petitioner's IFP application is untimely and deficient. Petitioner did not file his application within the thirty days allowed. Instead, he submitted his application more than a year past the Court's deadline. Further, when the application was submitted, it was incomplete. Petitioner failed to comply with the express directions in the Closure Order. Petitioner's filing did not contain the required affidavit, even though the form was provided to petitioner by the Court. Accordingly, to the extent petitioner intended for his Prisoner Trust Fund Account Statement to be construed as an IFP Application, said application is denied. Furthermore, pursuant to the Local Rules, the petition should be dismissed.[4]

---

[4] Even if the prisoner account statement was deemed sufficient to grant petitioner IFP status, based solely on the certification from the county jail official, the petition still appears untimely. The dates of petitioner's conviction are, at best, vague. *See* Pet. at 1-2. Petitioner indicated that his conviction occurred sometime between 1999 and 2001. *Id.* Construing those dates in the most favorable light for petitioner, he would have been sentenced on December 31, 2001. *Id.* Petitioner did not directly appeal his conviction or challenge it through any other collateral motions. *Id.* at 2-3.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).

Because petitioner failed to file a notice of appeal, his conviction became final, at the absolute latest, on January 30, 2002, or thirty days after the last day in 2001. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (explaining that the one-year statute of limitations began to run when the petitioner's time for filing a

However, the Court will grant petitioner thirty (30) days leave to file an affirmation with the Court, outlining why his action should not be dismissed. Specifically, the affidavit should discuss why (1) petitioner failed to comply with the Court's Closure Order; (2) petitioner filed his IFP application over a year past the deadline; (3) petitioner's submitted application was supported by incomplete information despite being provided the IFP affidavit from this Court; and (4) the petition should not be dismissed as untimely.

**WHEREFORE**, it is

**ORDERED** that the Clerk respectfully update the caption to reflect the proper respondent, Sheriff Melody M. Maddox, Warden of DeKalb County Jail in Decatur, Georgia; and it is further

**ORDERED** that, for failing to comply with the Court's prior order and properly commence the instant action, the petition will be **DISMISSED** unless petitioner provides the Court with a compelling reason why (1) his IFP application was untimely and deficient and (2) his petition should not be dismissed as untimely. Petitioner's affidavit shall not exceed ten (10) pages, excluding any attached exhibits, and must be made within thirty (30) days of this Decision and Order; and it is further

---

notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-1323 (DNH), 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal.") (quoting CPL § 460.10(1)(a)); *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). Accordingly, petitioner had until January 30, 2003, to timely file his habeas petition. The present petition was placed in the mail on November 20, 2019, almost seventeen years beyond the expiration of the statute of limitations.

Moreover, on this record, there appears to be no other basis for statutory or equitable tolling since petitioner did not file any other challenges to his state court conviction. Therefore, it appears the petition is time-barred.

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

Dated: April 26, 2021

Brenda K. Sannes
U.S. District Judge