UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE FAUNTLEROY,

                 Petitioner,

v.                                                9:19-CV-1535
                                                 (BKS/DJS)

MELODY M. MADDOX, Sheriff; DeKalb County
Jail,

                 Respondent.
_____

APPEARANCES:                                            OF COUNSEL:

LAWRENCE FAUNTLEROY
Petitioner, pro se
#1903906
DeKalb County Jail
4425 Memorial Drive
Decatur, GA 30032

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

Petitioner Lawrence Fauntleroy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner's application was originally filed in the Northern District of Georgia, and transferred to this Court on December 11, 2019. *See Fauntleroy v. Doe*, No. 1:19-CV-5424 (N.D.Ga.), Dkt. No. 1, Petition; Dkt. No. 2, Transfer Order.

On December 12, 2019, the action was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 4, Administrative Closure Order. Consistent with

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

the Habeas and Local Rules, petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified IFP application, within thirty (30) days of the filing date of that Order.  *Id*. at 2.  Enclosed with the Closure Order, was a blank IFP affidavit form.  *Id.*; Dkt. Entry for Dkt. No. 4, Administrative Closure Order (noting that the "order and blank ifp form [were] served via regular mail on petitioner.")

On April 19, 2021, approximately one year and four months after the Closure Order was entered, the Court received petitioner's Prisoner Trust Fund Account Statement.  Dkt. No. 5.  The account statement contained transactions from April of 2019, through December of 2020.  *Id.* at 2.  Moreover, the filing provided a certification dated March 17, 2021, detailing petitioner's inmate account balance currently, as well as his three month average.  *Id.* at 4.  However, the filing did not include the completed IFP affidavit form – provided to petitioner by this Court – answering questions about petitioner's financial resources.

On April 26, 2021, the Court issued a Decision and Order giving petitioner thirty days leave to file an affidavit explaining why petitioner failed to timely comply with the Court's Closure Order.  Dkt. No. 7, Decision and Order ("April Order").  Per the April Order, petitioner timely filed said affidavit.  Dkt. No. 8, Affidavit ("Aff.").

Petitioner argues that he was unable to timely comply with the Closure Order because he was having issues sending mail from his facility and, until March of 2021, he did not have any money in his account to either pay the filing fee or postage for correspondence with the Court.  Aff. at 1.  Petitioner also alleges that his mail was tampered with and that he was never provided a copy of the IFP affidavit to send to the Court.  *Id.* at 2.  Finally, petitioner contends that his ability to litigate his case was restricted by the jail and he "was only allowed

2

to do what the jail let [him] do when they let [him] do it[.]" *Id.*

Petitioner's proffers are belied by his litigation history.  A search of PACER indicated that since December 12, 2019, the date of the Closure Order, petitioner filed sixteen new civil rights actions in federal court.[2]  *See Fauntleroy v. Kenneth S. Nugent, P.C.*, No. 1:20-cv-00780 (N.D.Ga. Feb. 19, 2020) ("*Fauntleroy I*"); *Fauntleroy v. Richardson*, No. 1:20-cv-00783 (N.D.Ga. Feb. 19, 2020) ("*Fauntleroy II*");  *Fauntleroy v. Nugent*, No. 1:20-cv-00779 (N.D.Ga. Feb. 19, 2020) ("*Fauntleroy III*"); *Fauntleroy v. Doe*, No. 1:20-cv-00781 (N.D.Ga. Feb. 19, 2020) ("*Fauntleroy IV*"); *Fauntleroy v. Thomas*, No. 1:20-cv-00782 (N.D.Ga. Feb. 19, 2020) ("*Fauntleroy V*"); *Fauntleroy v. Doe et al*, No. 1:20-cv-00969 (N.D.Ga. Mar. 2, 2020) ("*Fauntleroy VI*"); *Fauntleroy v. Jones*, No. 1:20-cv-01648 (N.D.Ga. Apr. 16, 2020) ("*Fauntleroy VII*"); *Fauntleroy v. McCall*, No. 1:20-cv-01649 (N.D.Ga. Apr. 16, 2020) ("*Fauntleroy VIII*"); *Fauntleroy v. Matthews*, No. 1:20-cv-01650 (Apr. 16, N.D.Ga. 2020) ("*Fauntleroy IX*"); *Fauntleroy v. DeKalb County Jail et al*, No. 1:20-cv-01651 (N.D.Ga. Apr. 16, 2020) ("*Fauntleroy X*"); *Fauntleroy v. State of Georgia*, No. 1:20-cv-01652 (N.D.Ga. Apr. 16, 2020) ("*Fauntleroy XI*"); *Fauntleroy v. DeKalb County*, No. 1:20-cv-02254 (N.D.Ga. May 26, 2020) ("*Fauntleroy XII*"); *Fauntleroy v. Lyft Driver et al*, No. 1:20-cv-02269 (N.D.Ga. May 27, 2020) ("*Fauntleroy XIII*"); *Fauntleroy v. Lyft*, No. 1:20-cv-02270 (N.D.Ga. May 27, 2020) ("*Fauntleroy XIV*"); *Fauntleroy v. NYC Two Detectives*, No. 1:20-cv-03063 (N.D.Ga. July 22, 2020) ("*Fauntleroy XV*"); *Fauntleroy v. Roberts*, No. 1:20-cv-00784 (N.D.Ga. Feb. 19, 2020) ("*Fauntleroy XVI*").  This refutes

---

[2] " Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet."  *Komatsu v. City of New York*, No. 1:20-CV-10942, 2021 WL 1405581, at *3 n.1.

petitioner's assertion that he neither had the time nor the opportunity to timely send his completed IFP application to this Court.

Furthermore, petitioner applied for, and was granted, IFP status several times throughout 2020.  *See Fauntleroy IV*, Dkt. No. 10 (Order consolidating *Fauntleroy II, III,* & *IV* together and granting IFP); *Fauntleroy VI*, Dkt. No. 14 (Order consolidating *Fauntleroy VI* & *XVI* and granting IFP); *Fauntleroy X,* Dkt. No. 11 (Order consolidating *Fauntleroy VII, IX* & *X*, granting IFP, and recommending that the consolidated actions be dismissed as frivolous); *Fauntleroy XII*, Dkt. No. 12 (Order granting IFP and recommending dismissal of the complaint as barred by immunity and frivolous); *Fauntleroy XIV*, Dkt. No. 9 (Order consolidating *Fauntleroy XIV* & *XV*, granting IFP, and recommending that the consolidated actions be dismissed as frivolous).  This includes an application before this Court in another case.  In *Fauntleroy VII*, petitioner's case was transferred from the Northern District of Georgia to the Northern District of New York.  *See Fauntleroy VII*, Dkt. No. 7, Transfer Order.  After being administratively closed for failing to properly commence the action, petitioner successfully applied for IFP status in this District.  *See Fauntleroy v. Doe et al*, No. 9:20-CV-1205 (LEK/ML) ("*Fauntleroy XVII*"), Dkt. No. 14, Administrative Closure Order; *Fauntleroy XVII*, Dkt. No. 15, Prison Trust Fund Account Statement; *Fauntleroy XVII*, Dkt. No. 16, Inmate Authorization Form; *Fauntleroy XVII*, Dkt. No. 18, Order dated 12/11/20 (granting IFP application in civil rights case).  Therefore, to the extent petitioner asserts that he was unaware of how to properly apply for IFP, said assertions are contradicted by his own actions.

Petitioner has also, on several occasions, been instructed to file amended documents in order for his litigation to continue.  Petitioner has successfully filed timely documents in

4

several of those instances, indicating his ability to follow the court's direction and file properly conforming submissions during the year 2020. See *Fauntleroy V*, Dkt. Nos. 16 & 17 (order directing petitioner to file an amended pleading within 30 days and petitioner timely doing so); *Fauntleroy VI*, Dkt. Nos. 14 & 17 (order directing petitioner to file an amended pleading within 30 days and petitioner timely doing so)*; Fauntleroy XI*, Dkt. Nos. 19 & 20 (order granting petitioner's four motions seeking leave to amend and directing amendment within 30 days, and petitioner's timely amended filing); *Fauntleroy XIII*, Dkt. Nos. 12 & 13 (order directing petitioner to file an amended pleading within 30 days and petitioner timely doing so). Therefore, any contentions that jail-imposed restrictions prevented petitioner from further pursuing his legal rights are inconsistent with petitioner's documented litigation history.

Therefore, the Court finds that petitioner has failed to provide a compelling reason excusing his failure to timely and adequately comply with the Closure Order. Accordingly, the petition is dismissed.[3]

**WHEREFORE**, it is

**ORDERED** that, for failing to comply with the Court's prior order and properly commence the instant action, the petition is **DISMISSED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

Dated: June 8, 2021

Brenda K. Sannes
U.S. District Judge

---

[3] Petitioner failed to address the timeliness of his petition in his affidavit. Without any information contradicting the reasoning of the April Order, it also appears that the petition would be dismissed as time-barred. *See* April Order at 3 n.4.